IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60439
Summary Calendar
_____

CLIFF DAVENPORT,

Plaintiff-Appellant,

versus

JAMES V. ANDERSON, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY;
JOAN ROSS; ANN L. LEE; JAMES
MOSELY; WILLIE BASS; NATHANIEL BOSS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:96-CV-342-D-D
- - - - - - - - - -
December 2, 1997

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Cliff Davenport, Mississippi prisoner #99907, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Davenport argues that his disciplinary conviction violated his equal protection and due process rights because he was not allowed to present his defense at his disciplinary hearing for unauthorized possession of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marijuana, he has a liberty interest in his classification assignments which was violated when his work and housing assignments were changed without regard to the inmate handbook, and his detention in the sally port and loss of personal property for refusing to report for work constituted cruel and unusual punishment.

The district court dismissed Davenport's complaint for failure to state a claim. The dismissal was prior to service of process or any Fed. R. Civ. P. 12(b)(6) motion. The most appropriate authority for such a dismissal is 28 U.S.C. § 1915(e)(2)(B)(ii). In either case, we review the lower court's ruling de novo. Applying that standard here, we conclude that no reversible error was committed. The positive drug urinalysis results provided some evidence on which to find him guilty of unauthorized possession of marijuana. Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986). An inmate has neither a protected property nor liberty interest in his custody classification. Sandin v. Conner, 515 U.S. 472, ___, 115 S. Ct. 2293, 2300 (1995); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988). Placing Davenport in the sally port and taking his personal properly for refusing to work fell within the prison officials' authority to discipline him in order to maintain an orderly administration. Mendoza v. Lynaugh, 989 F.2d 191, 194 n.4 (5th Cir. 1993); McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir. 1990).

AFFIRMED.